[Filed April 30, 1888.]

JAMES POOLE, Plaintiff and Respondent, *v.* NORTHERN PACIFIC RAILROAD COMPANY, Defendant and Appellant.

For its Own Convenience and that of the Public, a railroad company may make reasonable rules and regulations for the management of its business, and the conduct of its passengers. It may prescribe, as a rule, and require all persons before taking passage on its passenger trains to procure tickets to enable them to ride, and in default thereof to pay an additional sum, when it has furnished proper conveniences and facilities to travelers for procuring tickets.

A Company which has Provided a Station without a Ticket Office, and at which its passenger trains stop, has not put it in the power of the traveler to comply with such rules, and such rule would be unreasonable as applied to such

stations, or to such traveler, when he offered to pay the usual fare. If the railroad has failed or neglected to furnish the traveler the opportunity to procure a ticket, and he applies for a passage, or enters their train without having such ticket, but offers to pay the regular fare, it cannot lawfully eject him.

APPEAL from Multnomah County.   Affirmed.

*Emmons & Emmons,* and *C. M. Idleman,* for Respondent.

*Dolph, Bellinger, Mallory & Simon,* for Appellant.

LORD, C. J.— This was an action to recover damages for the unlawful expulsion of the plaintiff from the passenger cars of the defendant. After issue joined the cause was tried, and resulted in a verdict and judgment in favor of the plaintiff, from which the defendant appeals to this court.

In substance the facts certified to us are these: On the thirteenth day of August, 1885, the plaintiff entered the cars of the defendant at Holbrook Station, in Multnomah County, intending to go to Portland, a distance of thirteen miles. Holbrook Station was not a ticket office, nor could any ticket be procured at it, nor had the plaintiff any ticket. When the conductor applied to the plaintiff for his ticket he offered and handed to the conductor fifty cents, and the conductor told him that the fare when paid on board of the cars was seventy-five cents, twenty-five of which would be refunded to the plaintiff by applying to any ticket office of defendant, and presenting a rebate check which he would issue to him. The plaintiff declined to pay or make such deposit of twenty-five cents, and thereupon the conductor told him that he could not proceed on the train unless he did so. The plaintiff then told the conductor that if he was put off the train he would make the company pay for it, whereupon the conductor offered to return said fifty cents, which the plaintiff refused to accept, and the conductor then left the same on the seat where the plaintiff was sitting; that the conductor went on through the train, and afterwards returning, again demanded said twenty-five cents, and informed the plaintiff that unless he paid the same he would have to get off; that plaintiff still refused to comply with the request of the con-

ductor.   When the train reached the next station the conductor compelled the plaintiff to leave the train; that after plaintiff left the cars, the conductor finding the fifty cents on the seat deposited the same for safe-keeping with the express messenger on the train.

There was no evidence of any malice on the part of the defendant, or any of its agents, or of any assault on the plaintiff, or insult offered to him, other than the fact that the conductor put his hand on the plaintiff's arm, and in a quiet and orderly manner requested him to leave the train, and the plaintiff, believing that he would be ejected by force if he longer refused, left the train.   After being thus ejected from the train at Linton, the plaintiff not being able to procure a conveyance walked to Portland, a distance of eight miles, and afterwards, on the same day, met the conductor and stated that he bore no malice or resentment toward him personally, but considered that he was obeying instructions, etc.   There was evidence tending to prove that the defendant had for a long time in force a rule and regulation, providing that where passengers got aboard of the defendant's cars without having procured tickets, an additional sum of twenty-five cents to the regular fare would be demanded, for which a rebate check would be issued to the passenger so entering without a ticket, which rebate check would entitle the holder upon presentation thereof at any ticket office on defendant's line to a return of said twenty-five cents, and that this rule was enforced as to all passengers getting on defendant's train without tickets.

Upon this state of facts the defendant asked the court to instruct the jury as follows:  "Where a railroad company demands of a passenger getting on board its cars without a ticket a deposit of a small sum in addition to the price of the ticket, but at the same time issues to such passenger what is called a rebate check for the deposit, which entitles the holder to a return of the money so deposited by applying therefor to any ticket office of the company, this additional sum demanded on deposit required is not additional charge of fare."

The court refused to give this instruction as asked, but gave

the same in modified form by adding as follows: "But such regulation applied to a station where passengers are received but no tickets sold or are obtainable is an unreasonable rule, and the demand for such deposit under such circumstances was an unlawful demand."

The principle stated in this modification involves the main question to be decided. There are certain duties which a railroad corporation assumes in consideration of the franchise conferred upon it by the State. It owes to the public the duty of providing suitable cars for passengers, stations and depots for taking passage, and to afford proper facilities for procuring tickets. At all stations along the line of the road at which it is usual for passenger trains to stop, the citizen has the right to enter and become a passenger by procuring a ticket or paying his fare. For its own safety and convenience and that of the public, a railroad company may make reasonable rules and regulations for the management of its business and the conduct of its passengers. It may prescribe as a rule and require all persons before taking passage on its passenger trains to procure tickets, and to exhibit them to the conductor at all proper times to entitle them to ride, and in default thereof may charge an additional sum. Such a rule may be necessary for its own protection against the fraud and dishonesty of its agents or conductors, and to avoid the inconvenience of collecting fares upon its trains in motion, while it imposes no hardship on the passenger. Necessarily such a rule and its enforcement plainly implies or assumes that the company has provided the proper facilities or opportunity for travelers to procure tickets to enable them to comply with such regulation; and when it has furnished proper conveniences and facilities to travelers for procuring tickets, the rule is reasonable and works no hardship or inconvenience. But a company which has provided a station without a ticket office at which its passenger trains stop has not put it in the power of the traveler to comply with such regulation, and it would be unreasonable to apply it to him when he tendered the usual fare.

To allow a railroad company to enforce a rule requiring pas-

sengers to procure tickets before taking passage, and in default thereof to pay an additional sum, for which a rebate check is issued, when the company has furnished no ticket office, and thus make it impossible for the traveler to procure a ticket and to comply with its rule, would be punishing the traveler for its dereliction of duty. Such a rule as applied to such a station would be unreasonable, vexatious, and oppressive. Without the necessary conveniences or facilities for procuring tickets, the traveler cannot be in fault, nor the spirit or equity of such rule violated; for such a rule is manifestly only reasonable when applied to stations where tickets may be procured. To hold otherwise would be to authorize the company to require of the passenger to do that which the company had made it impossible for him to do, and then for failing to do it to pay a penalty to the company. If it has failed or neglected to furnish the traveler the opportunity to procure a ticket, and he applies for passage or enters their passenger trains without having such ticket, but offers to pay the usual fare, the company cannot lawfully reject or eject him. The right of the company to make any rule or regulation for its own convenience, or the management of its business, which the public are bound to obey, such rule or regulation must be reasonable, and the company is bound to furnish all the conveniences, opportunity, and means necessary to comply with it. Unless it does this the rule is unreasonable.

Upon the facts as presented by this record, there was no error in the instruction as modified. Nor do we discover any error in the instruction as to damages, that is, that the plaintiff could only recover for the actual damages which he had sustained.

The judgment must be affirmed.